# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                            **Case No. 05-CR-104**

**DONTE JORDAN**
        **Defendant.**

## SENTENCING MEMORANDUM

The government charged defendant Donte Jordan with conspiracy to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(b)(1)(B) & 846, and aiding and abetting the use of a firearm during a drug trafficking offense, 18 U.S.C. §§ 2 & 924(c)(1)(A)(iii).[1] Defendant pleaded guilty to the charges, and the probation office prepared a pre-sentence report ("PSR") in anticipation of sentencing. The PSR set defendant's offense level at 31 and his criminal history category at VI, producing an imprisonment range of 188-235 months on the drug count. The § 924(c) count carried a mandatory ten year consecutive term. See U.S.S.G. § 2K2.4(b).

Defendant objected to several portions of the PSR, and the government moved for a sentence reduction under U.S.S.G. § 5K1.1 to reward defendant for his substantial assistance in the prosecution of others. Finally, defendant requested a total prison term of fifteen years – the minimum permitted by the statutes of conviction – while the government advocated a total sentence of twenty years in prison. Upon consideration of the arguments of counsel and the factors set forth in 18 U.S.C. § 3553(a), I imposed a total sentence of 216 months. In this

---

[1] The § 924(c) charge was based on defendant's assistance in acquiring a gun used by Aaron Harris and Treon Chambers to shoot up the house of a suspected informant.

memorandum, I provide written reasons for the sentence.

## I.  SENTENCING PROCEDURE

In imposing sentence, I follow a three-step procedure.  First, I determine the advisory sentencing guideline range, resolving any factual disputes necessary to that determination. Second, I decide whether to grant any departures pursuant to the Sentencing Commission's policy statements.  Finally, I select a sentence that is sufficient but not greater than necessary given all of the factors set forth in 18 U.S.C. § 3553(a).  E.g., United States v. Cull, 446 F. Supp. 2d 961, 962 (E.D. Wis. 2006).

## II.  DISCUSSION

### A.	Guidelines

Defendant objected to several factual matters and guideline determinations in the PSR. First, he claimed that he advised Aaron Harris not to fire shots into the informant's house. However, he presented no evidence supporting that assertion, permitting me to rely on the PSR.  See, e.g., United States v. Mustread, 42 F.3d 1097, 1101-02 (7th Cir. 1994).  In any event, defendant admitted that he facilitated Harris's possession of the weapon and that he knew what Harris intended to do with it, which was sufficient to establish his liability under § 924(c).  Thus, resolution of this objection would have had no effect on the sentence on the § 924(c) count, which had to be ten years consecutive regardless of what defendant said to Harris.

Second, defendant objected to ¶ 22 of the PSR, which discussed directions defendant allegedly gave to his mother to remove cocaine from her apartment after defendant became aware he was a target.  However, because this information did not affect the guidelines or the

2

sentence, I made no finding on the objection. See Fed. R. Crim. P. 32(i)(3)(b).

Third, defendant objected to the criminal history points assessed for two municipal possession of marijuana offenses. (PSR ¶¶ 41, 46.) However, U.S.S.G. § 4A1.2(c)(1) allows municipal ordinance violations, which are also criminal violations under state law, to be counted. Thus, I overruled the objection.

Fourth, defendant objected to the 3 criminal history points assessed in ¶¶ 52 and 53 of the PSR based on his commission of the instant offense while on probation and within two years of his release from a prison sentence of at least sixty days. However, he provided no basis for the objection, and I saw no reason why U.S.S.G. §§ 4A1.1(d) & (e) did not apply, so I overruled the objection. I further noted that even if I ignored the 5 criminal history points defendant specifically challenged, he still had 13 points and fell in criminal history category VI.

Finally, defendant argued that ¶ 56, which discussed other alleged criminal conduct, should not be included in the PSR. I did not consider that information in imposing sentence except to the extent that it supported the notion that defendant would benefit from drug treatment.

I otherwise adopted the factual statements and guidelines determinations in the PSR.

**B.    Departures**

The government next moved for a sentence reduction under U.S.S.G. § 5K1.1 based on defendant's substantial assistance. In ruling on such a motion, I consider:

(1) . . . the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3) the nature and extent of the defendant's assistance;

3

> (4) any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
>
> (5) the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1(a).

I give substantial weight to the government's evaluation of the extent of the defendant's assistance, U.S.S.G. § 5K1.1 cmt. n.3, but the extent of the departure is within my discretion. In attempting to quantify the departure, I use the method suggested by the Seventh Circuit of granting something on the order of a 2-level adjustment for each factor found to be fully present, with a lesser reduction for those factors partially present. See United States v. Washington, 293 F. Supp. 2d 930, 934 (E.D. Wis. 2003).

The government requested a 7 level departure under § 5K1.1 on the drug count in this case, and further noted that it had previously provided consideration by allowing defendant to plead to a lower mandatory minimum on the drug count and not filing a § 851 information. Absent these charging decisions, defendant faced a thirty year mandatory minimum.

Under the first § 5K1.1 factor, I awarded 2 levels based on the significance of defendant's assistance in helping the government make its case in Case No. 05-CR-213, a ten defendant case I handled, and No. 05-CR-160, a two defendant case handled by another judge in this district. The government indicated that defendant provided information about his having regularly supplied the defendants in the 213 case, and about supplying a gun used in the 160 case. Defendant also attempted to provide information about many others, including his supplier, Donald Chambers. The government indicated that defendant's assistance had little impact on Chambers's decision to plead guilty and cooperate himself, but I nevertheless considered defendant's efforts in this regard.

4

Under the second factor, I awarded 2 levels based on the government's statement that defendant was truthful and reliable, and there was no sense that he held anything back. I awarded 1 level under the third factor, because defendant's cooperation was limited to debriefing; he did not provide active cooperation, e.g., by wearing a wire or making controlled buys. I awarded 1 level based on the risk involved in providing information about drug traffickers; a greater reduction under the fourth factor was unwarranted because there was no evidence of specific injury or threats. Finally, I awarded 1 level under the fifth factor based on defendant's agreement to cooperate within hours of arrest; a greater reduction was unwarranted because, as the government indicated, given the historical nature of his cooperation, defendant's early decision had little impact on the overall usefulness of his assistance.

Therefore, with a total reduction of 7 levels, the guideline range on the drug count was 100-125 months. The § 924(c) range remained 120 months, consecutive.

**C.    Section 3553(a)**

In imposing sentence, the court must consider the factors set forth in § 3553(a), which include:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training,

>     medical care, or other correctional treatment in the most effective manner;
>
> (3)   the kinds of sentences available;
>
> (4)   the advisory guideline range;
>
> (5)   any pertinent policy statements issued by the Sentencing Commission;
>
> (6)   the need to avoid unwarranted sentence disparities; and
>
> (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). The statute directs the court, after considering these factors, to impose a sentence sufficient but not greater than necessary to satisfy the purposes of sentencing set forth in sub-section (a)(2).

### 1. Nature of Offense

Defendant was a large scale-distributor of powder and crack cocaine in Milwaukee over the course of nearly a decade, and I sentenced numerous individuals he supplied. The offense was very serious given the amounts involved (15-50 kilograms) and the lengthy period of time over which it occurred. The offense was further aggravated by violence, as defendant arranged for a cohort to obtain a gun used to shoot up the house of an alleged informant.

### 2. Defendant's Character and Background

Defendant was twenty-seven years old and had a lengthy prior record, with convictions for drug and weapon possession and failing to report to the house of correction to serve a sentence. However, several of his scored offenses were less serious operating after revocation cases and municipal ordinance violations for marijuana possession, and I considered that fact under 18 U.S.C. § 3553(a)(5) and U.S.S.G. § 4A1.3(b).

Defendant dropped out of high school, but to his credit later got his GED while confined.

6

He had little verifiable employment history, which created the inference that he supported himself by dealing or was supported by his family.

There were positives in defendant's character. He recently married and his wife made positive comments. He was apparently a good father to his son and considered his wife's daughter from a previous relationship his own. I received letters from several friends and family members, which depicted defendant as someone with many positive qualities. He also cooperated with the government, which was to his credit. Also to his credit was his expressed desire to learn a trade and to obtain treatment for drug use while in custody. He admitted smoking a lot of marijuana prior to his arrest.

### 3. Purposes of Sentencing & Guidelines

The guidelines called for a term of 100-125 months on the drug count afer the departure, with 10 years consecutive on the § 924(c) count. The government recommended a total sentence of twenty years, ten years on each count.

Defendant asked for a total sentence of fifteen years, but I concluded that a five year term on the drug count would be insufficient. This was a very serious offense, involving large amounts of cocaine and occurring over the course of many years. A minimum sentence of five years on the drug count would unduly depreciate the seriousness of the crime. It would also have been disproportionate to treat defendant, who distributed many kilograms of cocaine, as if he was responsible for just the 500 grams needed to trigger the five year minimum.

However, I did believe that a sentence slightly below the range on count 1 was appropriate, in order to account for defendant's positive personal characteristics and a slight overstatement of his criminal history. Seven of defendant's criminal history points stemmed from operating after revocation and municipal marijuana offenses. His only prior felonies were

7

a possession of marijuana – 2nd offense case and a failure to report to the county jail offense, for which he was placed on probation. Given the nature of his record, category VI seemed a bit of an overstatement. See U.S.S.G. § 4A1.3(b). I also noted that defendant had never been to prison before, so any sentence within the statutory framework was a huge increase from prior punishment, and thus sufficient to deter him from future violations. See 18 U.S.C. § 3553(a)(2)(B).

Under all of the circumstances, I found a sentence of 96 months on the drug count and 120 months to run consecutive on the § 924(c) count sufficient but not greater than necessary. This sentence was largely the product of the substantial assistance reduction and was otherwise based on the specifics of the case and the Commission's policy statement § 4A1.3(b). Therefore, it did not create unwarranted disparity. 18 U.S.C. § 3553(a)(6). The sentence was, under all of the circumstances, sufficient but not greater than necessary to protect the public, provide just punishment and deter others. See 18 U.S.C. § 3553(a)(2)(A) & (C).

### III. CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for a total of 216 months, with a recommendation that he participate in any drug treatment programs available. Upon release I ordered him to serve a five year supervised release term, with a drug after care condition and other terms that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

8